IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SEAN A. BROWNLEE,

    Plaintiff,

v.                                                                                                   Civil Action No. **3:16CV680**

JEFFERY NEWCOME, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sean A. Brownlee, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Claims

In his Complaint, Brownlee alleges:[2]

> On March 21st, 22nd, 23rd, and the 24th 2016, my 8th Amendment right was violated by the Riverside Regional Jail staff that was assigned to Housing Unit 3. The institution was on "lockdown" for an overall search, which is commonly known as a "shakedown" by the inmates and jail staff. It is stated in the inmate handbook that every 72 hours, we are able to take a shower, during these days we were denied the opportunity to take a shower and [were] also totally confined to our cell. On March 24th it was well past 72 hours, I asked Officer Sample if it was possible to take a shower. He said "he would see what he could do, but don't get your hopes up." Sgt. Givens came in to serve trays at lunch and I asked if it was possible to serve and let us take a shower he said "sir take your tray to your cell." Capt. Hendricks came with a VCU student who was conducting a survey, I asked if it was possible to take a shower he said "no, after you finish the survey go back to your cell." So night shift comes on, the housing unit was already searched and we [were] still on lockdown, I and a few other inmates asked to speak with Sgt. Jones to see if we could take showers, the officer making rounds told us that Sgt. Jones refused to come into the housing unit. March 25th was when we were able to take showers. 4 days without a shower, 4 days of total confinement!

---

[2] The Court utilizes the pagination assigned to Brownlee's Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in quotations from Brownlee's Complaint.

3

(Compl. 5, ECF No. 1.)

The Court construes Brownlee's Complaint to raise the following claim for relief:

Claim One: Defendants[3] violated Brownlee's rights under the Eighth Amendment[4] by (a) denying him a shower for four days, and (b) keeping him on lockdown in his cell for four days. (*Id.*)

Brownlee seeks injunctive relief as well as monetary damages. (*Id.* at 6.)

## III. Analysis

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his or her person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

---

[3] The named Defendants are: Jeffery Newcome, Superintendent for the Riverside Regional Jail ("RRJ"); Sergeant Jones; Officer Sample; Ms. Gilley, a Mental Health Supervisor at RRJ; Captain Hendricks; and Sergeant Givens. (Compl. 1–3.)

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

4

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

In Claim One (a), Brownlee contends that Defendants violated his Eighth Amendment rights by refusing to allow him to shower during a four-day period. (Compl. 5.) Reading the Complaint liberally, Brownlee plausibly alleges a violation of what he calls "the inmate handbook." (*See* Compl. 5, ECF No. 1; ECF 1-1 at 1; and ECF 1-2 at 1.) However, despite Brownlee's assertion to the contrary, "[t]he denial of [Brownlee's] right to shower . . . for four days does not constitute an Eighth Amendment violation." *Yarborough v. Robinson*, No. 97-7603, 1998 WL 879660, at *2 (4th Cir. Dec. 17, 1998); *see Shakka v. Smith*, 71 F.3d 162, 167–68 (4th Cir. 1995) (concluding that no Eighth Amendment violation occurred when inmate was

given water and cleaning supplies but denied a shower for three days after having human waste thrown on him); *Barnes v. Cty. of Monroe*, 85 F. Supp. 3d 696, 738 (W.D.N.Y. 2015) (finding four-day shower and exercise deprivation did not violate Constitution, noting that "[e]ven a two-week suspension of shower privileges does not constitute a denial of 'basic hygienic needs'" (quoting *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003))); *Nally v. N. Reg'l Jail*, No. 2:11CV85, 2012 WL 5494512, at *4 (N.D. W. Va. Oct. 15, 2012) (concluding that denial of showers for four days did not violate the Eighth Amendment), *R&R adopted by* 2012 WL 5494611 (N.D. W. Va. Nov. 13, 2012).

Brownlee fails to allege sufficient facts to suggest that he suffered a serious or significant physical or emotional injury from the temporary deprivation of showers. *De'Lonta*, 330 F.3d at 634. Moreover, Brownlee fails to allege facts indicating that Defendants knew of a substantial risk of harm to Brownlee and ignored that risk by denying him showers during a four-day period. *Farmer*, 511 U.S. at 837. Accordingly, Claim One (a) will be DISMISSED.

In Claim One (b), Brownlee asserts that Defendants violated his rights under the Eighth Amendment by keeping him "totally confined [in his] cell" for four days.[5] (Compl. 5.) While Brownlee may plausibly allege a violation of "the inmate handbook," he has nevertheless failed to allege facts suggesting that the four-day lockdown constituted "an extreme deprivation" that caused him serious or significant injury. *De'Lonta*, 330 F.3d at 634 (quoting *Strickler*, 989 F.2d

---

[5] In support of his Eighth Amendment claim, Brownlee contends that "the inmate handbook" provides that, "during a lockdown situation there is a 23–1 rule in [e]ffect which means we are confined to the cell for 23 hours and out for 1 hour." (Pl's Resp. to 8-26-16 Memo. O. 1, ECF No. 7.) Several aspects of Brownlee's complaint suggest that he was not kept in "total confinement" in his cell during all four days. (*See* Compl.1 (stating that when Sergeant Givens arrived in the unit to serve lunch trays, Brownlee asked if he could take a shower, and Givens replied, "'Sir, Take your tray to your cell'"); *see also id.* (alleging that when a VCU student came into Brownlee's housing unit conducting a survey, Brownlee again asked jail personnel if he could shower, and a staff member told Brownlee, "'[A]fter you finish the survey go back to your cell.'")). The Court nonetheless liberally construes Brownlee's complaint to allege a 24–hour lockdown in his cell for four days.

at 1381); *see Lowery v. Bennett*, 492 F. App'x 405, 408–10 (4th Cir. 2012) (concluding that inmate sentenced to a ten-day cell confinement did not state an Eighth Amendment claim); *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (concluding that inmate locked down for 37 days did not state an Eighth Amendment claim); *Lunsford v. Hall*, No. 3:16–CV–00625, 2016 WL 4801626, at *3 (M.D. Tenn. Sept. 14, 2016) (concluding no Eighth Amendment violation occurred where plaintiffs were denied recreation for a four-day period during an investigative lock down); *Washington v. Burks*, No. 04–CV–10352, 2008 WL 8694601, at *7 (E.D. Mich. Dec. 17, 2008) (citing cases for the proposition that "[c]ourts have held that much longer lock down periods than one day or one week do not violate the Eighth Amendment"), *R&R adopted sub nom. Washington v. Johnson*, 2011 WL 5375189 (E.D. Mich. Nov. 4, 2011). Moreover, Brownlee fails to allege facts indicating that Defendants knew of a substantial risk of harm to Brownlee and ignored that risk by keeping him on lockdown during a four-day period. *Farmer*, 511 U.S. at 837. Accordingly, Claim One (b) will be DISMISSED.

## IV. Conclusion

For the foregoing reasons, Brownlee's claim will be DISMISSED. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

M. Hannah Lauck
United States District Judge

Date: MAY 1 6 2017
Richmond, Virginia

7